IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GENE B. ROMERO,**

      **Plaintiff,**

vs.                                                         No. CIV 12-0343 RB/LFG

**FARRELL AND SELDIN,**
**JOHN DOES 1-6,**
**KENNETH K. OH,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** arises from a collection suit. After Plaintiff failed to pay on his credit card account as promised, Defendant Farrell and Seldin, a law firm specializing in collections, filed suit on behalf of FIA Card Services N.A. ("FIA") against Plaintiff in New Mexico state district court. Defendant Kenneth K. Oh, an associate attorney with Farrell and Seldin, submitted the affidavit of Robin Mays, an agent of FIA ("Mays Affidavit") to the state court. The Mays Affidavit contains a straight line for the signature of Robin Mays and a straight line for the month of the notarization. FIA objected to Plaintiff's discovery requests concerning the Mays Affidavit and did not verify its responses to Plaintiff's discovery requests. After the state court ordered FIA to produce some of the requested documents and verify its responses, the state matter was dismissed with prejudice by stipulated order.

      Plaintiff brought suit in this Court, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. More specifically, Plaintiff contends that Defendants (1) used a false, deceptive, or misleading representation in connection with the collection of a debt,

in violation of 15 U.S.C. § 1692e, and (2) Defendants used unfair or unconscionable means to collect or attempt to collect a debt, contrary to 15 U.S.C. § 1692f.  (Doc. 7).  Defendants move to dismiss for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  A claim must be plausible on its face. *Twombly,* 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When considering a motion to dismiss, the court must look within the four corners of the complaint and accept all well-pleaded factual allegations as true.  *Id.* (citing *Twombly*, 550 U.S. at 570).  However, the court need not accept legal conclusions contained in the complaint as true.  *Id.* (citing *Twombly*, 550 U.S. at 555).

Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representations in connection with the collection of a debt.  15 U.S.C. § 1692e.  Plaintiff does not allege that the facts set out in the Mays affidavit were falsely represented.  Indeed, Plaintiff contests neither the amount nor the legal status of the debt.  Rather, Plaintiff's claims concern the manner by which proof of the debt was presented to the state court and Plaintiff points to no representation made by Defendants that were either false or misleading under § 1692e.  Simply put, Plaintiff has not properly pled a § 1692e claim because he has not alleged any facts from which the Court could draw a reasonable inference that any facts concerning the

debt were falsely represented.

Section 1692f of the FDCPA provides, generally, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The section then provides eight specific practices that are violations, with the qualification that an action under Section 1692f is not limited to those enumerated violations.  *Id.*  Plaintiff has not alleged that the conduct of any of the defendants falls under the eight enumerated categories of violations. . Additionally, Plaintiff has not presented a plausible set of facts indicating that any misrepresentation resulting from the Mays affidavit would make the debt appear more likely valid. Plaintiff has not stated a claim under Section 1692f.

Defendants additionally argue that that the allegedly suspicious signature and date are not actionable because they are not material statements.  "Materiality is an ordinary element of any federal claim based on a false or misleading statement."  *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009); *see also Donohue v. Quick Collect*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Miller v. Javitch, Block and Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009)  "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."  *Hahn*, 557 F.3d at 758.  The Tenth Circuit has explained, "[t]he FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless."  *Maynard v. Bryan W. Cannon, P. C.*, 2010 WL 4487113 *6 (10th Cir. Nov. 10, 2010).  Plaintiff does not dispute the accuracy of the facts relating to the debt as represented in the Mays Affidavit.  Instead, Plaintiff's allegations concern the physical appearance of the signature and notarization date.  As such, this alleged misrepresentation does not materially relate to the debt at issue in any way that would mislead the debtor as to his rights under the FDCPA.  Plaintiff has failed to state a claim for a material violation of the FDCPA.

**THEREFORE,**

IT IS ORDERED that Defendants' Motion to Dismiss, (Doc. 16), is GRANTED, and this matter is dismissed without prejudice.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**