IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GENE B. ROMERO,**

      **Plaintiff,**

vs.                                                **No. CIV 12-0343 RB/LFG**

**KENNETH K. OH,**
**FARRELL & SELDIN,**
**JOHN DOES 1-6,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Amended Motion to Reconsider Memorandum Opinion and Order (Doc. 49). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the arguments and submissions of counsel, relevant law, and otherwise being fully advised, the Court denies this motion.

**I.**     **Background**

On May 10, 2010, Defendant Farrell and Seldin, a law firm specializing in collections, filed suit on behalf of FIA Card Services N.A. ("FIA") against Plaintiff in New Mexico state court. Defendant Kenneth K. Oh, an associate attorney with Farrell and Seldin, attached the affidavit of Robin Mays, an agent of FIA ("Mays Affidavit") to the state court complaint. The Mays Affidavit contained a straight line for the signature of Robin Mays and a straight line for the month of the notarization. FIA objected to Plaintiff's discovery requests concerning the Mays Affidavit and did not verify its responses to Plaintiff's discovery requests. On June 29, 2011, after the state court ordered FIA to produce some of the requested documents and verify

its responses, the state matter was dismissed with prejudice by stipulated order.

On April 4, 2012, Plaintiff filed suit in this Court under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, alleging that the Mays Affidavit was "suspect" because other affidavits signed by Robin Mays indicate that Robin Mays' signature is not customarily a straight line, and that, by submitting the Mays Affidavit to the state court, Defendants (1) used a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and (2) Defendants used unfair or unconscionable means to collect or attempt to collect a debt, contrary to 15 U.S.C. § 1692f. (Doc. 7). Defendants moved to dismiss for failure to state a claim. On October 31, 2012, the Court granted the motion and dismissed this case without prejudice. On November 13, 2012, Plaintiff filed a motion to reconsider based on additional documentation regarding the notary. Defendants oppose the motion to reconsider.

## II.     Standard

The Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration. *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992). However, such a motion "may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citations omitted). The time limit in Rule 59(e) is now twenty-eight days rather than ten days. *See* FED.

R. CIV. P. 59(e).  As Plaintiff's motion to reconsider was filed within twenty-eight days of the order of dismissal, is will be construed under Federal Rule of Civil Procedure 59(e).  "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Somerlott v. Cherokee Nation Distrib., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012).  A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### III.  Discussion

Plaintiff finds fault with the Court's introductory statement that "After Plaintiff failed to pay on his credit card as promised . . . ."  (Doc. 46 at 1).  The Court mentioned the alleged debt to explain the background of this matter, which arises under the FDCPA.  The Court did not consider the validity of the alleged debt in ruling on the motion to dismiss.  Rather, in its legal analysis the Court considered only the information contained in the Amended Complaint and accepted all well-pleaded factual allegations contained therein as true.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007).  The Court determined that the allegations of the Amended Complaint were insufficient to state a claim as a matter of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."). In that the Court's reference to the alleged debt was for background purposes only, it does not provide a basis for reconsideration.

As an additional ground for reconsideration, Plaintiff relies on documents from the North Carolina Secretary of State Notary Enforcement Division concerning Peggy Richardson, the notary public who notarized the Mays Affidavit. (Docs. 49-1 and 49-2, Pl. Exs. A1-A5 and B). The records state that Ms. Richardson notarized an estimated 15,000 affidavits per month from 2007 until April 2010, she notarized affidavits without witnessing the signatures, and her commission to act as a notary public was suspended from June 27, 2011 to October 28, 2011. (*Id*.) In that these documents were mailed to Plaintiff's counsel on September 19, 2012, (Doc. 49-1 at 21), which was six weeks before the Court's October 31, 2012 decision, they were not previously unavailable as required by Rule 59. *See Somerlott*, 686 F.3d at 1153. Regardless, the documents do not alter the Court's legal determination that Plaintiff did not properly plead a claim under the FDCPA.

As the Court observed in its opinion, Plaintiff has not alleged any facts from which the Court could draw a reasonable inference that Defendants used a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, or that Defendants used unfair or unconscionable means to collect or attempt to collect a debt, contrary to 15 U.S.C. § 1692f. Additionally, the alleged misrepresentation (the straight line signature and date on the Mays Affidavit) do not materially relate to the alleged debt in any way that would mislead a consumer as to his rights under the FDCPA. The additional documents

submitted by Plaintiff do not affect the Court's earlier ruling. For these reasons, the Court stands by its ruling that the Amended Complaint failed to state a claim and the matter should be dismissed without prejudice.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Amended Motion to Reconsider Memorandum Opinion and Order (Doc. 49) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**