IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GENE B. ROMERO,**

       **Plaintiff,**

vs.                                                                                                             **No. CIV 12-0343 RB/LFG**

**KENNETH K. OH,**
**FARRELL & SELDIN,**
**JOHN DOES 1-6,**

       **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Attorney Fees and Costs (Doc. 50). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the arguments and submissions of counsel, relevant law, and otherwise being fully advised, the Court denies this motion.

**I.    Background**

On May 10, 2010, Defendant Farrell and Seldin, a law firm specializing in collections, filed suit on behalf of FIA Card Services N.A. ("FIA") against Plaintiff in New Mexico state court. Defendant Kenneth K. Oh, an associate attorney with Farrell and Seldin, attached the affidavit of Robin Mays, an agent of FIA ("Mays Affidavit") to the state court complaint. The Mays Affidavit contained a straight line for the signature of Robin Mays and a straight line for the month of the notarization. FIA objected to Plaintiff's discovery requests concerning the Mays Affidavit and did not verify its responses to Plaintiff's discovery requests. On June 29,

2011, after the state court ordered FIA to produce some of the requested documents and verify its responses, the state matter was dismissed with prejudice by stipulated order.

On April 4, 2012, Plaintiff filed suit in this Court under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, alleging that the Mays Affidavit was "suspect" because other affidavits signed by Robin Mays indicate that Robin Mays' signature is not customarily a straight line, and that, by submitting the Mays Affidavit to the state court, Defendants (1) used a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and (2) used unfair or unconscionable means to collect or attempt to collect a debt, contrary to 15 U.S.C. § 1692f. (Doc. 7). Defendants moved to dismiss for failure to state a claim. On October 31, 2012, the Court granted the motion and dismissed this case without prejudice. On November 13, 2012, Plaintiff filed a motion to reconsider based on additional documentation regarding the notary. On February 27, 2013, the Court denied the motion to reconsider. On November 13, 2012, Defendants filed a motion requesting attorneys' fees in the amount of $4,675.00 and costs in the amount of $319.55 pursuant to 15 U.S.C. § 1692k(a)(3). Plaintiff opposes this motion.

**II.    Standard**

The FDCPA provides, in pertinent part, that: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "The statute is best read as codifying a court's pre-existing authority

to award both attorney's fees and costs." *Marx v. Gen. Revenue Corp.*, --- S. Ct. ----, 2013 WL 673254 at *7 (Feb. 26, 2013). Under this pre-existing authority, federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith. *Id.* at *6 (citation omitted) (explaining that a court has inherent power to award attorney's fees to sanction a party who has acted in bad faith).

**III. Discussion**

While it is a close question, the Court finds that the action was not brought in bad faith or for purposes of harassment. Although Plaintiff did not prevail in this matter, the signature on the Mays Affidavit differed from other affidavits signed by Robin Mays. Thus, Plaintiff had some reason to believe that the affidavit was suspect and could conceivably conclude that Defendants used a false, deceptive, or misleading representation in connection with the collection of a debt or somehow violated the FDCPA. Although Plaintiff's FDCPA claims border on the frivolous, the Court finds that they were not brought in bad faith or for the purpose of harassment.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Attorney Fees and Costs (Doc. 50) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**